FILED
U.S. DISTRICT COURT
OF MARYLAND
2022 JAN 10 PM 12:44
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

United States District Court
For the District of Maryland

| | |
|---|---|
| Horatio M. Jabari-Kitwala ) | |
| Plaintiff ) | |
| ) | Case Number: |
| v. ) | |
| ) | |
| Montgomery County Public Schools ) | |
| Maryland ) | Jury Trial requested |
| ) | |

Complaint For Violation of Civil Rights

I. The Parties to This Complaint

    A. The Plaintiff

        Horatio M. Jabari-Kitwala
        Post Office Box 1555
        Baltimore, Maryland 21203
        410.952.1559

    B. The Defendant

        Montgomery County Public Schools of Maryland
        850 Hungerford Drive
        Rockville, Maryland 20850
        240.740.3000

II. Basis for Jurisdiction

      Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331 a case arising under the United States Constitution or federal laws or treaties is a federal question case.

Under 42 U.S.C. § 1983, state and local officials may be sued for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [applicable (sic) federal laws]"

As per the federal code(s) identified, the basis for the federal court jurisdiction is: [a] federal question.

The federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case are:

28 U.S.C. § 1331

42 U.S.C. § 1983

§ 7, 42 U.S.C. § 2000e et seq (1964); [Section VII of the Civil Rights Act of 1964]; and,

U.S. Const. amend. XIV, § 2; [The Fourteenth Amendment to the United States Constitution]

III. Statement of Claims

A. The events giving rise to this claim occurred within Montgomery County Public Schools of Maryland Facility (hereinafter MCPSMD), specifically Paint Branch High School and multiple locations via Montgomery County Public Schools of Maryland remote communication and teaching portal.

### Background

I, Horatio MJ Kitwala, am an educator with approximately thirty years of teaching and educational research experience. As an African American male teacher, I represent a minority of less that 2% of the teaching population nationwide. As a teacher, I

have been outspoken with regard to MCPSMD employment race equity matters, and the promotion of the need for greater multiculturalism, race diversity, among faculty.

Fall semester 2020, Faculty and Staff were informed of a Professional Development Group on race matters. I joined the group. As specific details began to emerge on the precipice of the Professional Development Group meetings on race matters; I learned that the groups would be racially segregated. That is, the Montgomery County Public Schools Administrations, as agents of MCPSMD, initiated Professional Development via a series of meetings segregated on the basis of race.

I explicitly asked to become a member of the white only group.
I was denied.

Although, one agent of MCPSMD, did authorize and allow for African Americans to enter the white only group as "observers only", facilitating integration, before the first meeting, the MCPSMD School Principal denied integration, and segregation by race was maintained.

I was subject to a violation of the protections provided by the aforementioned federal codices: discrimination via the segregation by race for workplace MCPSMD Professional Development Group.

As a result of my voiced opposition to the continuation of the Montgomery County Public Schools Professional Development Group, and the racially segregated nature of same; I believe retaliatory acts were engaged against me. I will itemize those retaliatory actions as "Injuries" and associate them with the appropriate facet of this Civil Complaint.

Memorandum

B. The date and approximate time(s) the events giving rise to this claim occurred were:

1. 27 October 2020 [9:49pm] - Paint Branch High School Principal promotes Professional Development Group to Paint Branch Faculty and Staff.

2. 28 October 2020 [11:45am] - Professional Development Groups announced to be segregated by race. Plaintiff immediately submits objection and dissent in writing. [Exhibit I]

3. 28 October 2020 [11:57am] - Kitwala submits "high importance" written request to be admitted into an all white racial group. The request is sent directly to superintendent Dr. Jack Smith.
   [Exhibit II]

4. 28 October 2020 [12:30pm] - Central Office Administrator, Victoria Kennick, allows "BIPOC" (African Americans are within "BIPOC") to join the whites only group as "observers".
   [Exhibit III]

5. 28 October 2020 *[12:31pm] - one minute later*, Kitwala submits "high importance" written request, in response to the Kennick permission, to school administration for admission to white only racial group.
   [Exhibit IV]

6. 28 October 2020 [ 2:51pm] - Kitwala is denied integration and equal employment opportunity via restrictions based solely on race.

Further, the Montgomery County Public Schools Professional Development Groups segregated by race met on multiple occasions:

    I.    Session I    28 October 2020

    II.    Session II    18 November 2020

    III.    Session III    2 December 2020

    IV.    Session IV    9 December 2020

    V.    Session V    16 December 2020

I was denied access to the all white Professional Development Group throughout all sessions.

IV. Injuries

    I have sustained injuries related to the events provided herein.

    The injuries have come in various forms as a result of various employer stimuli.

1. Administrative ignoring and communication blackout. The principal and administrative involved in actions described within this draft have refused to answer written questions. Given that the nature of the questions are integral to job performance, clarity, understanding, and completion of task; the retaliatory action of ignoring written questions for clarity and understanding is retaliatory and constitutes an injury.

2. Denial of telework after approval of telework.

3. Threat offered, 23 April 2021, by Paint Branch School Principal Dr. Mirshah Nayar regarding returning to "in person" (teaching within the building) or being placed on an NPR (No Pay Reported Status), despite having letters from three physicians (two of

which were surgeons) stating the need to maintain teleworking for urgent medical reasons. Further, my access to teaching Night School would be cut off and I would be disallowed the opportunity to complete the eight classes left within the semester, a critical academic period. The threat was carried out, I was instantly cut off from Night School students for the balance of the semester, wages lost.

4. At the onset of the workplace threat, 26 April 2021, my, day section, students and parents were frantic regarding their inability to access any classroom, for at least one day there was no instruction because of the Google access threat operationalized, an act which precipitated extreme distress, and more importantly no learning for the students.

5. Reversal of methodology regarding actions that would be engaged by Plaintiff to facilitate the teaching of at least one section of a class or classes, in the Social Science Department, general education setting. Kitwala is a dual certified special educator and general educator, with Advanced Professional Certification. Despite this credential, I have been disallowed the ability to actualize teaching within the Social Science Department. Specific steps, successfully taken, were neutralized and discouraged by Paint Branch High School Principal and school leadership.

6. Beyond the injuries itemized via employment retaliation I also suffered pain and suffering, anxiety and depression, phobia from checking email [as per the "Black Affinity Space" label that was mandated associated my person for the duration of the racially segregated sessions that were not discontinued]. I also suffered lost of compensation in both payroll loss, but in the loss of 39 sick days that would have been preserved but for the ability to continue to telework as I had been allowed before the spontaneous 23 April 2021 School Administration based threat.

7. Despite good faith submission of request to telework via the Employee and Labor Relations Office (hereinafter the ELRO), with three physicians letters advising a continuation of teleworking for urgent medical reasons; I was denied.

8. Despite the ELRO denial of needed telework, school-based options existed for faculty and staff at the discretion of the school administration. I was initially approved for school based teleworking and engaged in that practice from 1 March 2021, when personnel started teaching in person again, until 26 April 21, the date the workplace threat was operationalized and I was compelled to take thirty nine sick days, instead of working remotely.

Succinctly, the discriminatory practice(s) based on race and the acts of retaliation have yield extreme emotional and related distress. These injuries are the result of liability, Gross Negligence, Breach of Duty of Care, and Breach of Contract and endeavored by Montgomery County Public Schools and personnel which serve as agents therein.

V. Relief

I am requesting monetary damages.

I am requesting the return and recovery of the thirty nine sick days I was compelled to take, under duress, as a result of the operationalized workplace threat, delivered via school administration, to wit: the Principal, on 23 April 2021.

The remedy, as it may exist in any form, and the monetary amount should be identified as a result of Discovery adjacent and attached to all applicable parties.

I request punitive damages.

Montgomery County Public Schools require all employees: faculty and staff to complete and abide by a General Compliance Professional Development Orientation. Within these protocols, which are presented as pre and post tested learning modules, several mandates exist which include a rebuke of discrimination in any form Montgomry County Public Schools and Agents working under the tutelage of same have violated the very mandates all employees must adhere to.

This violation exacerbates the pain and suffering which is ongoing.

VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 1]

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 10 January 2022

Signature of Plaintiff: *Horatio Malik Jabari-Kitwala*

Printed name of Plaintiff: Horatio Malik Jabari - Kitwala