IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| **Horatio M. Jabari-Kitwala,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: GLS-22-0060 |
| ) | |
| **Montgomery County Public Schools,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Pending before this Court is "Defendant's Motion to Dismiss Plaintiff's Amended Complaint," (ECF No. 45) ("Motion"), filed by Defendant Board of Education for Montgomery County ("Defendant"). Plaintiff Horatio M. Jabari-Kitwala ("Plaintiff") filed an opposition ("Opposition"), and Defendant filed its reply ("Reply"). (ECF Nos. 47, 49). Thus, the matter is fully briefed. Accordingly, no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

For the reasons set forth below, the Motion is **GRANTED**.

**I.   PROCEDURAL BACKGROUND**[1]

On June 23, 2023, the Court issued its Memorandum Opinion, in which it granted Plaintiff's request to amend his complaint to properly name the defendant as the Board of Education for Montgomery County. (ECF No. 34, "Memorandum Opinion," p. 7). By that Memorandum Opinion, the Court also granted in part and denied in part Defendant's motion to dismiss the Plaintiff's complaint. In particular, the Court held that dismissal of the majority of Plaintiff's claims was appropriate because: (1) Plaintiff did not adequately plead a Title VII race discrimination claim (disparate treatment); (2) Plaintiff failed to plausibly allege a Title VII

---

[1] The extensive procedural history in this case is set forth in the Court's prior memorandum opinion. *See* ECF No. 34.

retaliation claim related to the Defendant's alleged denial of his telework request (and how it impacted his sick leave and wages) or how, after the denial of his telework requests, Defendant interfered with Plaintiffs efforts to continue teaching some of his students ("reversal of methodology" allegation);  (3) the Defendant is not a "person" as that term is defined in 42 U.S.C.§ 1983; and (4) the Court lacks subject matter jurisdiction to entertain Plaintiff's state law claims of negligence, gross negligence, breach of contract, and punitive damages.  (Memorandum, pp. 6-19).  In addition, the Court granted Plaintiff leave to amend his complaint to include specific dates regarding that part of his Title VII retaliation claim related to the "communication blackout," and specific allegations pertaining to his attempts to communicate with Paint Branch staff related thereto.  (*Id*., p. 16).

Thereafter, Plaintiff timely filed the Amended Complaint, in which he named the Defendant as "Board of Education Montgomery County Public Schools Maryland (sic)."  (ECF No. 40) ("Amended Complaint").  In addition, Plaintiff pleaded additional allegations related to the "communication blackout."  (*Id.*).

Subsequently, Defendant filed a notice of intent to file a motion to dismiss the Amended Complaint, which Plaintiff opposed.  (ECF Nos. 41, 43).  Thereafter, the Court set forth the briefing schedule related to the Defendant's motion to dismiss, with  which the parties have fully complied.  (ECF Nos. 44, 45, 47, 49).[2]

---

[2] On August 19, 2024, Plaintiff filed correspondence in this case, which is a thirty-eight page letter with about 290 pages attached.  (ECF No. 50).  This submission sets forth allegations in 2023-2024, while the Amended Complaint contains allegations from the period of in or about 2020-2021.  To the extent that Plaintiff, via this submission, seeks to further amend his Amended Complaint, that request is denied for the reasons articulated in this Memorandum Opinion. To the extent that Plaintiff is raising  a new cause of action, it is not properly before this Court.

## II.  FACTUAL BACKGROUND[3]

In the Amended Complaint, Plaintiff alleges two categories of dates related to the "communication blackout." The first category is titled "Voicing Complaints" and the second is titled "Request(s) for ADA Telework accommodation(s) begin in earnest." (Amended Complaint, pp. 6-8).

The "Voicing Complaints" category contains two dates: December 15, 2020, the day that Plaintiff received a "Grades and Reporting correspondence from Dr. Mirshah Nayar;" and December 16, 2020 as the date of a professional development group meeting. (Amended Complaint, p. 6). Next, Plaintiff alleges that he received "his First Threat to be terminated from any segment of teaching responsibilities." *Id*. Plaintiff further alleges that he sent an email with nine attachments to "both school based administration and Leadership within Central Office, The Northeast Consortium" "to redress and rebuke the characterizations set forth by the school leadership, Dr. Mirshah Nayar." *Id*. However, Plaintiff neither received a response nor a meeting invitation to discuss the topics of this email. *Id*.

The second category contains dates spanning from March 2, 2021 to May 28, 2021, and appear to be related to Plaintiff's telework accommodation requests. *Id*., pp. 6-8.

In the last two pages of the Amended Complaint, Plaintiff urges the Court to reconsider its ruling denying certain aspects of his Title VII retaliation claims, seemingly arguing that he met his burden on establishing causation, because the amount of time that elapsed between his engagement in protected activity and the Defendant's adverse employment actions "was preserved vis a vis the Fossilization of Time itself via the world pandemic." (Amended Complaint, p. 9). Put another

---

[3] Unless otherwise noted, the facts are taken from the Amended Complaint, and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes the facts to be true. *Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

3

way, although not clearly stated, Plaintiff seems to argue that the occurrence of the COVID-19 pandemic should cause this Court to conclude that his engagement in protected activity was temporally proximate to the adverse employment actions taken by Defendant.

### III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the sufficiency of the facts set forth in a complaint. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint.  *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021).  When ruling on such a motion, then, a court "does not resolve the contests surrounding the facts [or] the merits of a claim." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  Rather, at this stage, a court considers the complaint as a whole and construes the facts advanced as true, viewing them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint must allege sufficient facts to establish each element of a claim asserted.  *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013), *aff'd sub nom., Goss v. Bank of Am., N.A.*, 546 F. App'x 165 (4th Cir. 2013).  In addition, a complaint must satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a) and contain facts "showing" entitlement to relief. *Twombly*, 550 U.S. at 555-56 (complaint must set forth enough facts as to suggest a "cognizable cause of action").  In other words, a complaint must do more than formulaically recite "the elements of a cause of action," or must do more than make "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Iqbal*, 556 U.S. at 678; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 258 (4th Cir. 2009). A court "must be able to draw the reasonable inference [from the well-pleaded facts] that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Phillips v. Brock & Scott, PLLC*, Civ. No. PX 16-3899, 2017 WL 3226866, at *2 (D. Md. July 28, 2017) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim. *Id.* (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to ensure that it survives a motion to dismiss. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

IV. DISCUSSION

A. Reconsideration of Court's Prior Ruling

As a preliminary matter, in the Amended Complaint, Plaintiff asks the Court to reconsider its prior ruling that he failed to plausibly plead certain Title VII retaliation claims.[4]

---

[4] The Court dismissed some of Plaintiff's Title VII retaliation allegations because Plaintiff failed to establish a causal nexus between his complaints about racially segregated professional development groups (protected activity) and Defendant's: (a) subsequent denial of his telework requests; and (b) efforts to stop Plaintiff from continuing to teach his students. The Court found that Plaintiff failed to establish that the events were temporally proximate to each other. (ECF No. 34, pp. 15, 16).

5

Although not timely or properly raised,[5] the Court will construe Plaintiff's request as a motion for reconsideration of its order granting in part the Defendant's motion to dismiss. Even if the motion for reconsideration were timely raised, Plaintiff would not prevail.

Consistent with Fed. R. Civ. P. 54(b), the Court's ruling (and related order) resolving the Defendants' motions to dismiss is considered an interlocutory order because the ruling resolved "fewer than all the claims or the rights and liabilities of fewer than all of the parties." Fed. R. Civ. P. ("Rule") 54(b). Rule 54(b) also governs motions like the one filed by Plaintiff, i.e., a motion asking the Court to reconsider its interlocutory order granting in part, denying in part Defendants' motions to dismiss. *Deitemyer v. Ryback*, Civ. No. ELH 18-2002, 2019 WL 4393073, at *1 (D. Md. Sept. 12, 2019). According to the Fourth Circuit, a trial court "retains the power to reconsider and modify its interlocutory [rulings] . .at any time prior to final judgment." *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018).

In this Circuit, it is true that the resolution of a motion to reconsider an interlocutory order is "committed to the sound discretion of the [lower] court," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), whose goal is "to reach the correct judgment under law." *Deitemyer*, *supra*, 2019 WL 4393073, at *1(quoting *Netscape Commc'n Corp v. ValueClick, Inc.*, 704 F.Supp. 2d 544, 547 (E.D. Va. 2010)(internal citations omitted)). That being said, the Fourth Circuit also makes clear that a court's discretion under Rule 54(b) is not "limitless," and that appellate court has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case."[6] *Tobacco Coop.*, 899 F.3d at 257. According to the Fourth Circuit, this is because

---

[5] A party seeking to challenge a court's interlocutory order is required to file a motion for reconsideration within fourteen (14) days of a court's order. *See* Local Rule 105.10 (D. Md. 2023). Failure to timely file such motion is sufficient by itself to warrant denial of motion. *Direct Benefits, LLC v. TAC Fin., Inc.*, Civ. No. RDB-13-1185, 2019 WL 3804513, at *4 (D. Md. Aug. 13, 2019); *see also Humane Soc. of U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. DKC-13-1822, 2017 WL 1426007, *5 (D. Md. Apr. 21, 2017)

[6] According to the Supreme Court, the "law of the case doctrine" provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Musacchio v.*

a court's discretion to revisit earlier rulings in the same case is also subject "to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Tobacco Coop.*, *supra*, at 257 (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2nd Cir. 2003)(internal quotation marks omitted)); *see also Sejman*, 845 F.3d at 68 (citation omitted)(law of the case doctrine is a "prudent judicial response to the public policy favoring an end to litigation")).

Putting all of these legal concepts together, then, the Court understands the law to be that a court can revise an interlocutory order "in the same circumstances in which [a court] may depart from the law of the case, [namely]: (1) a subsequent trial proceeding producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson. v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and alteration omitted).

The Court recognizes that Plaintiff is *pro se*, and has accorded his reconsideration motion as liberal a construction as feasible, without acting as an advocate for him. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The first *Carlson* basis pursuant to which a court can revise an interlocutory order is "a subsequent trial proceeding producing substantially different evidence." *Carlson*, *supra*, at 325. Interpreting the law, the Court finds that this basis applies to "account for potentially different evidence discovered during litigation." *Tobacco Corp*, *supra*, 899 F.3d at 256 (quoting *Carlson,*

---

*United States*, 557 U.S. 237, 244-45 (2016)(quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011); *see also Carlson v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017)(same). The goal behind this doctrine is to promote the interests of finality and judicial economy. *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 816 (1988); *see also Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)(law of the case doctrine precludes a party from reviving issues that were previously decided).

*supra,* 856 F.3d at 325).  Thus, in order for the Court to revise its interlocutory order based on substantially different evidence put in front of it, there has to be evidence discovered during litigation, "not simply [material] that a party could have offered initially, but chose not to." *Smith v. Wormuth*, Civ. No. ELH 20-419, 2022 WL 44625, at *3(further citation omitted).  In this case, Plaintiff does not allege that the Court should revise its earlier ruling due to evidence discovered during litigation.  Nor does he clearly demonstrate that he has new material to support his claim that he chose not to offer initially when drafting his Amended Complaint.  Thus, Plaintiff fails to satisfy the first *Carlson* basis for reconsideration.

Under the second *Carlson* basis, a reconsideration motion may also be properly entertained when a party demonstrates that there is a change in applicable law. 856 F.3d at 325. Thus, a reconsideration motion may be proper when, for example "the law has been changed by a body with greater authority on the issue [presented, such as] a court higher in hierarchy of a single court system, a state court developing law that controls [a] decision by a federal court, an administrative agency that is peculiarly responsible for elaborating a statutory scheme, or the same court sitting en banc."  Charles Allen Wright & Arthur Miller, *Federal Practice and Procedure § 4478* (3d. ed. June 2024 update)(footnotes omitted).  In this case, Plaintiff does not argue that there has been a "change in applicable law." Thus, Plaintiff also fails to satisfy the second *Carlson* basis for reconsideration.

Regarding the third basis for reconsideration of a court's interlocutory order, the Fourth Circuit has held that it is difficult to meet the high bar of establishing clear error causing manifest injustice.  Specifically, the Fourth Circuit has held:

> As we have noted on more than one occasion, "[a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong."

8

*U.S. Tobacco Coop.*, *supra*, 899 F.3d at 258 (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009))(alterations in *U.S. Tobacco Coop.*).  Put another way, a party cannot use a motion for reconsideration "to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery*, 953 F. Supp. 2d. 612, 620 (D. Md. 2013)(further citation omitted); *see also Sanders v. Prince George's Public School System*, Civ. No. RWT 08-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)(reconsideration motion "not a proper place to re-litigate a case after the court has rule against a party, as mere disagreement with a court's rulings will not support granting such a request").

The Court has considered his reconsideration request and finds that it does not adequately identify clear errors of law.  Thus, his motion for reconsideration is improper.  *Lynn*, *supra*, 953 F.Supp. 2d at 620.  Plaintiff claims that the COVID-19 pandemic somehow operated to make temporally proximate his complaints about the racially segregated professional development groups and the Defendants adverse employment actions, which occurred roughly 5 months later.  Plaintiff fails to cite to any case law to support his argument. Consideration of the aforementioned does not lead the Court to conclude that there has been a change in applicable law that requires the Court to revise its interlocutory order. Instead, the Court finds that Plaintiff is using his reconsideration request as a way to relitigate the Court's prior decision because he is dissatisfied with the outcome.  Under such a circumstance, the Court is not required to revise its interlocutory order. *See Beyond Sys. Inc. v. Kraft Food, Inc.*, Civ No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010); *see also Butz v. Pulte Hom Corp.*, Civ. No. PX 16-1508, 2017 WL 1546407, at *1 (D. Md. Apr. 28, 2017).

In sum, the Court does not believe that its interlocutory rulings were erroneous or that Plaintiff has met the high bar for reconsideration. Plaintiff has not presented new evidence, a change in applicable law, or any persuasive reason demonstrating that if the Court's interlocutory order stands it would result in a manifest injustice or constitute clear error. *See Carlson*, 856 F.3d at 325. Accordingly, the motion for reconsideration is denied.

### B. Improper Party

As a preliminary matter, in the Court's previous memorandum opinion, the Court granted Plaintiff leave to amend the Complaint to name the Board of Education for Montgomery County as the defendant. *See* ECF No. 34, pp. 5, 6.

In the Motion, Defendant asserts that the Amended Complaint improperly identifies it as "Board of Education Montgomery County Public Schools Maryland." According to the Defendant, such a name is not its legal name; therefore, Plaintiff has not sued a proper party. Reviewing the Opposition, the Court finds that Plaintiff never responded to Defendant's argument on this issue.

Pursuant to Maryland Law, the board of education for each county's school system is the entity that can be sued and ultimately found liable. *See* Md. Code, Educ. § 3-104(a)-(b)(2). When a party named in a suit is not an entity that can legally be sued, the Court may dismiss the claims against that entity with prejudice, as any future claims against that entity would be futile. *See Miller v. Montgomery Cnty. Pub. Sch.s*, Civ. No. TJS-19-3067, 2020 WL 2097686, at *1 (D. Md. May 1, 2020).

Having reviewed the Amended Complaint, the Court finds that Plaintiff has failed to cure the deficiency identified by the Court; instead he has sued "Board of Education Montgomery County Public Schools Maryland," an entity that is not subject to suit. Accordingly, Plaintiff's claims against Board of Education Montgomery County Public Schools Maryland are dismissed

with prejudice, because "it is not a legal entity subject to suit, and any future claims would be futile." *Miller*, 2020 WL 2097686.

Finally, because Plaintiff has been previously warned to name the proper entity yet failed to do so, the Court finds little reason to conclude that Plaintiff, were he given another opportunity to amend, would cure his deficiency. Accordingly, the case shall be dismissed with prejudice. *See Adkins v. Bank of New York Mellon*, Civ. No. PWG-15-3886, 2017 WL 2215131, at *1 n.2 (D. Md. May 19, 2017) (dismissing claims with prejudice where plaintiff had already unsuccessfully attempted to amend the complaint to remedy deficiencies).

### C. Title VII Retaliation Claim Regarding "Communication Blackout"

In its Motion, Defendant avers that, despite the Court's instruction, Plaintiff fails to state a claim of retaliation under Title VII related to the "communication blackout." Plaintiff counters that the First Amended Complaint does plausibly states a claim under Title VII because it identifies the dates of "the ongoing and continuous communication blackout." (Opposition, p. 8). Thus, assuming *arguendo* that Plaintiff's failure to name the proper entity does not constitute sufficient basis to dismiss his case with prejudice, the Court analyzes whether the Amended Complaint plausibly alleges a retaliation claim with respect to the "communication blackout."

Upon a thorough review of the Amended Complaint, and construing the facts in Plaintiff's favor, the Court finds that Plaintiff recites excerpts from the Court's memorandum opinion, realleges facts related to claims that the Court previously dismissed, and urges the Court to reconsider its rulings. Indeed, the only paragraph of the Amended Complaint that addresses the "communication blackout" after Plaintiff voiced his complaints, appears on page 6. Although Plaintiff alleges that he sent one email with nine attachments voicing his complaints to school administration and leadership, nowhere in the Amended Complaint does Plaintiff set forth the date

11

that he sent this email. To that end, the only dates in the "Voicing Complaints" paragraph relate to an email from Dr. Nayar, which was sent the day before a professional development group meeting. (Amended Complaint, p. 6). Thus, even when viewing the facts in the light most favorable to Plaintiff, the Amended Complaint fails to allege *any* dates that Plaintiff sent correspondences to Pain Branch staff as it relates to the "communication blackout." Thus, Plaintiff has failed to plausibly allege a Title VII retaliation, and dismissal is appropriate. *See Franovich v. Hanson*, 687 F. Supp. 3d 670, 689 (D. Md. 2023) (dismissing Title VII retaliation claim where complaint "contains no tangible facts to assist the court in determining whether the allegation is plausible").

Accordingly, the Motion is also granted on this issue. On this basis, too, the case is dismissed with prejudice. *See Adkins, supra,* 2017 WL 2215131, at *1 n.2 (D. Md. May 19, 2017) (dismissing claims with prejudice where plaintiff had already unsuccessfully attempted to amend the complaint to remedy deficiencies).

### D. Plaintiff's Opposition: Request to Amend the Amended Complaint

Plaintiff's Opposition contains factual averments that were not set forth in his Amended Complaint. *Compare* ECF No. 40, pp. 1-10 with ECF No. 47, pp. 9-11. In addition, Plaintiff attaches several exhibits to the Opposition. *See* ECF No. 47, pp. 12-41.

Although not entirely clear from the Opposition, it appears as though Plaintiff is trying to use that submission to either: (1) persuade the Court to reconsider its earlier decision granting the Defendant's motion to dismiss and limiting the Title VII retaliation claim to the "communications blackout" issue; or (2) allow him to further amend his Amended Complaint so that he may advance a new or more robust Title VII retaliation claim. If Plaintiff seeks the former, the Court has already denied Plaintiff's motion for reconsideration in Section IV.A., *supra.*

However, if Plaintiff seeks leave to file a Second Amended Complaint, Plaintiff fails to follow the dictates of Fed. R. Civ. P. 15(a)(2), which governs amendment of complaints.[7] Thus, the Court declines to exercise its discretion and grant Plaintiff leave to further amend.

The inquiry does not end there, however. Defendant argues that the Court should decline to consider Plaintiff's proposed amendment and exhibits because it is improper to try to amend a complaint via an opposition. *See* Reply p. 2.

Ordinarily, a plaintiff may not amend his pleading by filing an opposition. However, under certain circumstances, a court may consider additional facts and information provided in an opposition to a motion to dismiss even though they were not advanced in a complaint filed by a *pro se* plaintiff. Specifically, a court may consider these allegations as long as the new facts support the claims articulated in the original complaint. *Johnson v. United Parcel Serv., Inc.*, Civ. No. JKB-19-1916, 2020 WL 231379, at *4 (D. Md. Jan. 15, 2020); *Arije v. Pointcross Life Scis.*, Civ. No. JKB-18-3119, 2019 WL 652426, at *3 (D. Md. Feb. 15, 2019); *Higgs v. Airframe Modification Pro. Mechanics, Inc.*, Civ. No. JKB-10-2379, 2011 WL 1637637, at *2 (D. Md. Apr. 29, 2011).

In this case, the Court finds that Plaintiff has provided additional facts in his Opposition to clarify and support the allegations that he set forth in his original complaint. *See* ECF No. 40, pp. 9-11. Accordingly, the Court will consider these additional facts when determining whether Plaintiff has stated a plausible claim that entitles him to relief while deciding whether to grant the Motion.

---

[7] As a preliminary matter, if Plaintiff seeks leave to amend his complaint, he must comply with Fed. R. Civ. P. 7(b) and Local Rule 105.1 (D. Md. 2023). He has failed to do so. In addition, a motion for leave to amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course so long as it is done within 21 days after serving the pleading or 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1). According to Fed. R. Civ. P. 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The record does not reflect that Defendant consents to Plaintiff's request to further amend. *See* Reply, p. 2.

13

The elements of a retaliation claim under Title VII are: (1) engagement by a plaintiff in a protected activity; (2) adverse action by an employer against a plaintiff; and (3) a causal link between the protected activity and the adverse action taken by the employer. *Sempowich v. Tactile Sys. Technology, Inc.*, 19 F.4th 643, 653 (4th Cir. 2021).  Attached to the Opposition are: (a) several emails dated between on or about September 8, 2023, September 15, 2022, September 13, 2022, July 2, 2020, February 28, 2020, September 20, 2019; (b) an October 12, 2022 press release; (c) a few pages from a November 29, 2023 memorandum of investigation from the Office of Inspector General, Montgomery County, Md, related to an investigation of misconduct by a principal at a middle school.  (ECF No. 47, pp. 12-41).

As a preliminary matter, Plaintiff bears the burden of setting forth sufficient facts to demonstrate a "plausible claim for relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action").  Thus, Plaintiff must state with particularity the allegations that he believes are necessary to establish a retaliation claim, providing "fair notice" to the Defendant as to the nature of his claim.  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

In reviewing the allegations, this Court is mindful that Plaintiff is *pro se*.  Thus, the Court generously and liberally construed Plaintiff's allegations.  However, the Court did not "act as an advocate" or "fashion claims" for Plaintiff.  *Lewis-Davis v. Bd. of Educ. of Baltimore Cnty.*, Civ. No. ELH-20-0423, 2021 WL 4772918, at *8 (D. Md. Oct. 13, 2021) (internal citations omitted).  Indeed, it would be improper to do so and would put an impermissible "strain [on] judicial resources."  *Id.*  In analyzing the allegations, this Court "[has to] be able to draw [**reasonable**] inference[s] [from the **well-pleaded** facts] that the Defendant [is] liable for the misconduct

14

alleged." *Iqbal*, 556 U.S. at 678 (emphasis supplied). A plaintiff's complaint that is confusing, rambling, vague, and/or ambiguous fails to plausibly allege entitlement to relief and contravenes Fed. R. Civ. P. 8(a) *See Jianqing Wu v. TrustPoint Int'l*, Civ. No. PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (citing *Wallach v. City of Pagedale*, 359 F.2d 57, 58 (8th Cir. 1966) (dismissal appropriate where allegations are "[c]onfusing, ambiguous, redundant, vague and, in some respects, unintelligible….").

First, with respect to the memorandum of investigation and the press release, Plaintiff has failed to plead how these documents are relevant to his Title VII retaliation claim. Accordingly, the Court declines to consider these facts.

Next, when construing the facts in Plaintiff's favor, Plaintiff alleges that he engaged in protected activity in or about December 2020. (Opposition, p. 5; *see also* Memorandum Opinion, pp. 11-16). The emails proffered by the Plaintiff are from September 2019, February 2020 and July 2020; i.e., they relate to conduct that *predates* the protected activity. Thus, they are not relevant to the retaliation claim.

Furthermore, when evaluating the emails from 2022 and 2023, the Court finds that they contain facts about alleged adverse employment actions that occurred approximately 2-3 years after Plaintiff engaged in protected activity. Thus, the Court cannot find temporal proximity sufficient to plausibly establish causation. A gap of more than one year between an individual engaging in a protected activity and an adverse employment action is insufficient to establish a causal nexus. *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021) ("[A] period of longer than two months between the protected activity and the adverse action 'significantly weakens the inference of causation'") (internal citation omitted); *see also Perry v. Kappos*, 489 F. App'x 637, 643 (4th Cir. 2012) ("Although neither we nor the Supreme Court have adopted a

bright temporal line, we have held that a three- or four-month lapse between the protected activities and discharge was 'too long to establish a causal connection by temporal proximity alone'") (internal citations omitted).

In sum, even when construing the allegations in Plaintiff's favor, Plaintiff fails to plausible allege a Title VII retaliation claim.

### E. Dismissal with or without Prejudice

The final issue before the Court relates to whether Plaintiff's case should be dismissed with or without prejudice. As held earlier, the Court found that Plaintiff's failure to name the proper entity despite being given an opportunity to do so constitutes sufficient basis to dismiss his case with prejudice. *See* Section IV.B. Next, the Court also found that, even would construing the facts in Plaintiff's favor, he failed to adequately plead sufficient facts to establish a Title VII retaliation claim ("communication blackout" issue). Thus, a dismissal with prejudice is appropriate. *See* Section IV.C.

Furthermore, the Court held that even were it to consider the facts alleged in the Opposition and the exhibits related thereto, and construe the facts in Plaintiff's favor, Plaintiff still fails to adequately plead a Title VII retaliation claim. *See* Section IV.D. On this last issue, there is one final question: whether the Court should dismiss Plaintiff's case with or without prejudice.

Whether to dismiss a case with or without prejudice lies within the discretion of the Court. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (citing *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("[D]ismissal under Rule 12(b)(6) is. . .with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion").

Where a plaintiff properly fails to request leave to amend a complaint or where a plaintiff fails to demonstrate that he has a viable claim against the defendant, dismissal with prejudice is appropriate. *Morrison v. Int'l Union Sec., Police, & Fire Pros. of Am.*, Civ. No. AW-13-01146, 2013 WL 5274280, at *4 (D. Md. Sept. 16, 2013).

In sum, the Court finds that Plaintiff has repeatedly failed to cure the deficiencies in the Complaint and thus dismissal with prejudice is appropriate.

### V.   CONCLUSION

In sum in light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss, (ECF No. 45), and dismisses **with prejudice** Plaintiff's claim.

The Clerk of the Court is directed to **CLOSE** this case.

A separate Order follows.


Dated:  August 30, 2024                                    /s/
                                                           The Honorable Gina L. Simms
                                                           United States Magistrate Judge